(No. 59657.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT GANGESTAD (Allan J. Marco, Appellant).

*Opinion filed October 3, 1984.—Rehearing denied November 30, 1984.*

A. J. Marco, of Marco, Carbon & Stefanos, of Downers Grove, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Allan J. Marco (hereafter appellant), an attorney at law, was appointed by the circuit court of Du Page County to represent Robert Gangestad, charged with the

murder of a fellow inmate in the Du Page County jail. Gangestad was convicted and sentenced, and because of a continuing conflict of interest on the part of the public defender and the State Appellate Defender, appellant was appointed as appellate counsel. The judgment of the circuit court was affirmed (105 Ill. App. 3d 774), and the defendant's petition for leave to appeal was denied. Appellant filed a petition in the appellate court for allowance of attorney fees and reimbursement of expenses incurred in the prosecution of the appeal. The appellate court awarded appellant $1,500 in attorney fees and $762 in costs, and we allowed his petition for leave to appeal (87 Ill. 2d R. 315). One of Gangestad's codefendants was sentenced to death (see *People v. Devin* (1982), 93 Ill. 2d 326), and the facts relevant to the crime are adequately stated in *Devin* and in the appellate court's opinion in *Gangestad.*

Appellant's petition for attorney fees was filed pursuant to section 121—13 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 121—13(b)), which in pertinent part provided:

"(b) In any case wherein the defendant was convicted of a felony and a sentence of death was not imposed in the trial court the reviewing court, upon petition of the defendant's counsel made not more frequently than every 60 days after appointment, shall determine a reasonable amount to be allowed an indigent defendant's counsel other than the Public Defender or the State Appellate Defender for compensation and reimbursement of expenditures necessarily incurred in the prosecution of the appeal or review proceedings. Such compensation shall not exceed $1,500 in each case, except that, in extraordinary circumstances, payment in excess of the limits herein stated may be made if the reviewing court certifies that such payment is necessary to provide fair compensation for protracted representation. The reviewing court shall enter an order directing the county treasurer

of the county wherein the case was tried to pay the amount thereby allowed by the court. The reviewing court may order the provisional payment of sums during the pendency of the cause."

The People filed objections to appellant's petition, and the appellate court ordered appellant to file an itemized statement of his time and expenses. He complied with the order and also stated the extent of his experience in the practice of criminal law, described the complexity of the case, and stated his usual hourly charge and the hourly charge considered reasonable in the relevant geographical area for this type of services. The statement was accompanied by a detailed log showing that appellant had devoted 265 hours to the appeal, and although his usual charge was $100 per hour, he reduced the charge in this case to $40 an hour. In the statement appellant listed secretarial expenses incurred outside of regular office hours in the amount of $1,076.25, and expenditures for printing, postage and the filing fee, totaling $762. The appellate court awarded appellant an attorney fee in the amount of $1,500 and $762 in costs. This appeal is from that order.

Appellant contends that the appellate court erred in failing to follow the standards set forth in *People v. Johnson* (1981), 87 Ill. 2d 98, and erred further in failing to award him reimbursement for the expenditures for additional secretarial help. The People contend that appellant's petition does not allege "extraordinary circumstances" which would support a certification that additional compensation should be awarded for "protracted representation" and the $1,500 maximum provided in the statute was therefore applicable.

In *People v. Johnson* (1981), 87 Ill. 2d 98, recognizing the need to compensate court-appointed attorneys, we said:

"We are not unmindful of the attorneys' important obligation to defend those persons who are financially unable

to retain private counsel. However, fee awards providing only nominal compensation for this service are no longer feasible. There is a growing tendency to allow counsel more than 'token' compensation for representing indigent defendants. \*\*\*

\*\*\* Due to the expansion of criminal defendants' rights [citations], and the consequent conflicts with the public defenders, the burden of representation imposed on the bar has significantly increased." 87 Ill. 2d 98, 103-04.

In *People v. Devin* (1982), 93 Ill. 2d 326, involving the same murder, on a showing of approximately the same number of hours devoted to the prosecution of the appeal, we allowed appellate counsel $10,000 in fees. On the basis of the petition before us, we conclude that representation of the defendant in this appeal involved extraordinary circumstances and protracted representation. The record was lengthy and many issues were briefed and argued. We find that payment of a sum in excess of the statutory amount is necessary to provide reasonable compensation for appellant's protracted representation of the defendant. We hold that a fee in the amount of $8,000 would reasonably compensate appellant under the standards set forth in *People v. Johnson* and that he should also be reimbursed for moneys expended in the amount of $762.

We do not allow reimbursement for the sums expended for secretarial services for the reason that such services are included in the cost of the operation of appellant's office considered in determining the amount of the fee to be allowed.

For the reasons stated the cause is remanded to the appellate court with directions to vacate its prior order and issue to the county treasurer of Du Page County an order directing the payment to appellant of the sum of $8,762.

*Order entered; cause*
*remanded, with directions.*