GLENN PASLEY *et al.*, Plaintiffs, v. RALPH EDWARD KERANS *et al.*, Defendants (Whitney D. Hardy, Petitioner-Appellant, v. Shelby County, Respondent-Appellee).

Fifth District   No. 5—84—0667

Opinion filed May 23, 1985.

Whitney D. Hardy, of Shelbyville, for appellant, *pro se.*

Daniel M. Franklin, Assistant State's Attorney, of Shelbyville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Whitney D. Hardy, an attorney, appeals from an order of the circuit court of Shelby County directing that Hardy be paid the sum of $2,340 for his representation of Bonnie Kay Kerans in actions involving the termination of Kerans' parental rights with respect to her son, Joseph, and the subsequent adoption of Joseph by another couple. Hardy, who had been appointed by the court to represent Kerans, asked that the county of Shelby be ordered to pay him fees and costs totaling $9,220. For the reasons which follow, we reverse and remand for a new hearing on this issue.

The record establishes that the fee requested by Hardy was calculated at a rate of $30 per hour for out-of-court services and $40 per hour for in-court services, and that the fee also included costs of $540. It is not disputed that Hardy was involved in the case from June of 1983 to April of 1984, that he spent the time claimed on the case, that his services were competent, and that the fee awarded by the court was insufficient to reimburse Hardy for the overhead costs which he incurred during his time spent on the case.

■■ In *People v. Johnson* (1981), 87 Ill. 2d 98, 105-06, 429 N.E.2d 498, our supreme court listed the factors to be considered in determining appropriate compensation for appointed counsel:

"The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial. Another consideration is local conditions, which refers to the number of attorneys, in a given location, who could be called upon to perform *pro bono* work. Where there are only a few criminal-trial lawyers in a particular locale, the court must necessarily appoint attorneys from the same select group to represent indigent defendants. This process imposes an unfair burden on that group of attorneys, a burden which is not being shared by all members of the bar. The trial court must also consider this inherent inequity in determining compensation."

While *Johnson* involved a criminal case, we see no reason why the factors enumerated therein should not apply to civil cases as well. In the instant case, two factors compel remand for reconsideration of the fee award. First, the court admitted into evidence and considered,

over Hardy's objection, a list of the fees paid to attorneys who had been appointed in various Shelby County cases over the previous year. Nothing in that list indicated the complexity of the cases, the number of hours spent by the appointed attorneys, or detailed any of the other factors considered relevant by the *Johnson* court. Under these circumstances, comparison of Hardy's requested fee to the other fees provided no suitable basis for determination of Hardy's fee here. Second, it is undisputed that the fee awarded did not cover even half of Hardy's $25 per hour overhead cost. The court in *Johnson* specifically held that "[a] fee award which is insufficient to cover reasonable office overhead and expenses of trial is clearly unreasonable" (87 Ill. 2d 98, 105); accordingly, the trial court should, on remand, take Hardy's overhead costs into account in redetermining the fee to be awarded.

For the foregoing reasons, the order appealed from is reversed and this cause remanded for redetermination of the fee award in accordance with the views expressed herein.

Reversed and remanded.

KARNS and KASSERMAN, JJ., concur.