*In re* PETITION FOR FEES (The People of the State of Illinois, Plaintiff and Respondent-Appellant, v. William T. Jones, Defendant (Sharon Sigwerth Costa, Petitioner-Appellee)).

Fifth District   No. 5—85—0760

Opinion filed October 16, 1986.—Rehearing denied November 19, 1986.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Sharon Sigwerth Costa, of Costa Law Offices, of Mt. Vernon, for appellee, *pro se.*

JUSTICE GREEN delivered the opinion of the court:

On May 31, 1985, petitioner, Sharon Sigwerth Costa, received notice that she had been appointed by the circuit court of Jefferson County to serve as co-counsel to defendant, William T. Jones, who was

charged with murder in that court. At that time, a retrial was set for July 1, 1985. The case was eventually tried beginning August 8, 1985. The death penalty was sought. The trial concluded on August 16, 1985. On August 27, 1985, petitioner filed a request in that court for an interim award of fees earned and expenses incurred through August 17, 1985. On September 11, 1985, that court entered an order awarding her interim fees and expenses in the total sum of $10,982.65. The fees were calculated on the basis of 102.4 hours of out-of-court work and 98.5 hours spent in court, all at a rate of $50 per hour plus expenses in the sum of $937.65 and ordered paid by Jefferson County. The State appeals.

The facts are virtually agreed upon. The State does not dispute that petitioner spent 102.4 hours of out-of-court time and 98.5 hours of in-court time working on the case. Petitioner is a sole practitioner who has been in practice since 1977, first in Jackson County and then in Jefferson County. For 1½ years, she had served as a part-time public defender and had represented defendants in several other murder cases. The venue of the case was changed from Jefferson to Saline County, thus requiring petitioner to be entirely away from her office during the time of trial and requiring her to stay overnight in Saline County most of the time. Several attorneys testified that attorneys in private practice in Jefferson County generally charged from $75 to $95 per hour for services in criminal cases. Petitioner testified that her office overhead cost was approximately $3,500 per month. Testimony of other attorneys explained how the burden of being so continuously involved with the instant case impaired the ability of petitioner to tend to the affairs of her existing clients and to gain new business.

While recognizing the existence of the foregoing circumstances, the respondent contends that the fee award is, nevertheless, excessive. It points out that section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 113—3(c)), in force at the time, provided that (1) fees for appointed counsel in criminal cases should be "reasonable" considering "all relevant circumstances"; and (2) in "counties with a population greater than 2,000,000" such compensation shall not exceed $40 for time in court and $30 for each hour "otherwise spent" in such representations. The thrust of the respondent's argument is that, if the legislature limited the fees allowed to $40 and $30 per hour, respectively, for the State's largest county, it must not have intended an award of a higher hourly rate in smaller counties where the costs of living and operating a law office would likely be less rather than greater than those of the largest county.

Notably, section 113—3(c) sets forth a maximum fee of $1,250 for

felony cases in counties of over 2 million population but further provides that under "extraordinary circumstances" larger fees may be ordered. The parties do not dispute that, to the extent that the $1,250 restriction is analogous here, this is a case presenting "extraordinary circumstances" in regard to the services required to be rendered.

The most important case in this State in regard to the amount of fees to be awarded to private counsel in a criminal case is *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497, *aff'g In re Petition for Fees* (1981), 93 Ill. App. 3d 848, 417 N.E.2d 1062. There the trial court awarded nominal fees, based on a rate of approximately $8 per hour, to attorneys appointed to represent defendants in a murder case. On appeal, the appellate court reversed and remanded, holding the fees to be unreasonably low. The supreme court agreed and affirmed, stating:

"The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial. Another consideration is local conditions, which refers to the number of attorneys, in a given location, who could be called upon to perform *pro bono* work. Where there are only a few criminal-trial lawyers in a particular locale, the court must necessarily appoint attorneys from the same select group to represent indigent defendants. This process imposes an unfair burden on that group of attorneys, a burden which is not being shared by all members of the bar. The trial court must also consider this inherent inequity in determining compensation." *People v. Johnson* (1981), 87 Ill. 2d 98, 105-06, 429 N.E.2d 497, 500.

Later, the supreme court passed upon the sufficiency of fees for counsel appointed to represent an indigent defendant on appeal in *People v. Gangestad* (1984), 104 Ill. 2d 190, 470 N.E.2d 986. There the Appellate Court for the Second District had fixed the fees in the sum of $1,500 for 265 hours of work. (*People v. Gangestad* (1982), 105 Ill. App. 3d 774, 434 N.E.2d 365.) The statutory provision involved directed that the counsel receive "reasonable" compensation which was not to exceed $1,500 except in "extraordinary" cases. (Ill. Rev. Stat. 1979, ch. 38, par. 121—13(b).) The supreme court referred to and applied its reasoning in *Johnson* and remanded to the appellate court with directions to award fees in the sum of $8,000, which amounted to a rate of approximately $30 per hour. The theory of *Johnson* was ap-

plied in *In re Petition for Fees* (1983), 117 Ill. App. 3d 744, 453 N.E.2d 949, in upholding a trial court's award of fees at $35 per hour, and by this court in *Pasley v. Kerans* (1985), 133 Ill. App. 3d 657, 479 N.E.2d 417, in setting aside an award of only nominal fees for counsel appointed in a termination-of-parental-rights case.

We do not agree with respondent's contention that the ceilings of $40 and $30 set forth in section 113—3(c) of the Code of Criminal Procedure of 1963 were intended by the legislature to be ceilings for fee awards in counties having less than 2 million population, even though the logic of having a maximum amount applicable only to the larger counties is not readily apparent. The Fourth District has rejected an argument similar to respondent's. (*People v. Wilson* (1983), 117 Ill. App. 3d 744, 453 N.E.2d 949.) The simple answer to respondent's argument is that, had the legislature intended the limits to apply to the other counties, it would surely have so stated.

The hourly rates used to determine fees here, however, are higher than any approved for appointed counsel in criminal cases by opinions of a court of review of this State. While the hourly limits of section 113—3(c) are not binding in this case, they must be given some consideration as bearing on reasonableness. We also note that in *People v. Gangestad* (1982), 105 Ill. App. 3d 774, 434 N.E.2d 365, the supreme court determined a $30-per-hour rate to be appropriate for appellate work in a murder case which that court deemed to be in the "extraordinary" category described in section 121—13(b). That work was performed in 1982, while the work involved here was performed in 1985. Recognizing the time span between the work in *Gangestad* and that here, the deference to which the $50-per-hour rate determined by the circuit court is entitled, the limits placed on awards in counties of over 2,000,000, and the *pro bono* factor required by *Johnson*, we conclude that, here, any hourly rate in excess of $35 for services performed outside of court and $45 for services performed in court is excessive.

Accordingly, we affirm the award of reimbursement for expenses. We reverse the award of attorney fees and remand the case to the circuit court of Jefferson County with directions to recompute the award to petitioner by reducing the hourly rates used to $35 and $45, respectively, as described in this opinion.

Affirmed in part, reversed in part, and remanded with directions.

McCULLOUGH, P.J., and MORTHLAND, J., concur.