THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ANTHONY ASHFORD, Defendant (The Department of Corrections, Appellant; William A. Schuwerk, Jr., Appellee).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. CORDELL HILL, Defendant (The Department of Corrections, Appellant; William A. Schuwerk, Jr., Appellee).

Fifth District   Nos. 5—86—0481, 5—86—0482 cons.

Opinion filed October 13, 1987.—Rehearing denied November 13, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Donald R. Zoufal and James L. Harper, Jr., Special Assistant Attorneys General, of Chicago, of counsel), for appellant.

William A. Schuwerk, Jr., of Schuwerk, Schuwerk & Arbeiter, of Chester, appellee *pro se.*

JUSTICE WELCH delivered the opinion of the court:

The State appeals from the circuit court of Randolph County's order granting attorney William A. Schuwerk, Jr., $60 per hour for his work in the consolidated causes of People v. Hill and People v. Ashford. The State raises the issue of whether the $60 per hour is a reasonable attorney's fee for the defense of indigent criminal defendants in these consolidated cases. This court affirms.

On September 10, 1985, the trial court appointed Schuwerk as counsel for Cordell Hill and, on December 16, 1985, appointed Schuwerk as counsel for Anthony Ashford. Both Ashford and Hill were inmates at the Menard Correctional Center. Schuwerk expended seven hours preparing for the Hill case, which was subsequently dismissed. Schuwerk also expended seven hours in the Ashford case. After negotiations with the State, Ashford pleaded guilty. Since it is well established under section 3—6—5 of the Unified Code of Corrections that the Illinois Department of Corrections is required to pay the expense of prosecution of persons committed to its custody (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—5), Schuwerk filed, on March 20, 1986, a petition for fees in both Ashford and Hill pursuant to section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c)). The trial court held a hearing on Schuwerk's petition and heard the State's only objection concerning Schuwerk's hourly rate of $60.

At the hearing, the trial court made the following assessment of Schuwerk's requested hourly rate. The trial court stated that he has heard numerous petitions for attorney fees over 20 years. He has heard "week after week from that witness stand that [$60 an hour] is the standard, going rate in this area of the state." The court further stated that there were records in that court revealing that the State of Illinois has paid $60 an hour. The trial court also stated that the State's position "is just absolutely ridiculous when we have a bar of this county of about 10 or 12 men who are expected to come in and represent prisoner after prisoner after prisoner." The trial court also noted that the county had the largest prison in the State and that the largest law firm in the county represents the State of Illinois. The attorneys for the State are not available to represent the defendants.

At the hearing, the following facts were adduced. Since Schuwerk had been the Randolph County State's Attorney prior to returning to private practice, the court at first would not appoint him to any cases. Eventually, the trial court appointed Schuwerk to the Ashford and Hill cases. During the pendency of the Ashford and Hill cases, the trial court again appointed Schuwerk to two more cases; however, one

case was taken away from Schuwerk because of an alleged conflict of interest. Schuwerk stated that he charges a flat fee of $60 an hour for both civil and criminal cases whether or not he is in court or out of court. On more complex criminal cases, Schuwerk states that he requests a retainer fee of $1,500. At the end of the hearing, the trial court found that the $60 per hour was a reasonable fee based upon the size of the local bar, the number of appointments per year for each attorney in the local bar, the number of cases from Menard, and the expertise of and the present number of appointments Schuwerk has. From this order, the State appeals.

The State argues that the $60 per hour for attorney fees is unreasonable. The State relies on this court's recent case of *In re Petition for Fees* (1986), 148 Ill. App. 3d 453, 499 N.E.2d 624. However, the State's reliance is misplaced.

In *Jones*, this court held that the attorney was entitled to an award of fees at an hourly rate of $35 for services performed out of court and $45 for services performed in court plus expenses. The attorney had petitioned for $50 per hour plus expenses for the time spent on defense of a defendant charged with murder. In determining whether those fees were reasonable this court followed the guidelines established in *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497. The *Johnson* court stated:

> "The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial. Another consideration is local conditions, which refers to the number of attorneys, in a given location, who could be called upon to perform *pro bono* work. *Where there are only a few criminal-trial lawyers in a particular locale, the court must necessarily appoint attorneys from the same select group to represent indigent defendants. This process imposes an unfair burden on that group of attorneys, a burden which is not being shared by all members of the bar.* The trial court must also consider this inherent inequity in determining compensation." (Emphasis added.) 87 Ill. 2d 98, 105-06, 429 N.E.2d 497, 500.

■ This court finds that the *Jones* and *Johnson* cases do not set rigid rules applicable to all counties and for all cases throughout the

State, but rather, guidelines with which this court may review such cases and the trial court should follow in setting fees. When the trial court considers and determines the comparable services in the area, the reduction of the comparable fee by a *pro bono* factor, the time spent and services rendered, the attorney's skill and expertise, the complexity of the case, as well as the overhead costs and the burden on the attorney's practice, these considerations are but factors to be considered in light of the local legal community and of the number of appointments per attorney per year. No single factor is determinative in establishing a "reasonable fee."

■■■ This court agrees with the *Jones* court that the ceilings of $40 and $30 set forth in section 113—3(c) were not intended by the legislature to be ceilings for fee awards in counties having less than a 2 million population. After considering all of the relevant circumstances, this court finds the following. Schuwerk has a great deal of expertise in criminal proceedings, having been a State's Attorney for approximately eight years. He is capable of handling a criminal case far more efficiently than an attorney with a general practice from the same community. Furthermore, the county contains the largest prison population in the State but has a very small local bar. Some members are not able to represent the indigent defendants. As a result of such a ratio of prisoners to attorneys, the appointments in that county do impose an unfair burden on the local bar. This court notes that within a month of Schuwerk's appointment in the Hill case, he was appointed to the Ashford case. During the pendency of this cause Schuwerk was appointed again. In light of the above-mentioned factors, this court does not find the hourly rate of $60 unreasonable.

Furthermore, this court notes that in *Jones* the court affirmed the trial court's order granting expenses. Whereas, in this case, the trial court only granted fees for the time spent, thereby awarding Schuwerk less than $60 per hour.

For the foregoing reasons, this court affirms the order of the circuit court of Randolph County.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.