(No. 65250.—Order

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES DEVIN (Anthony F. Mannina, Appellant).

*Opinion filed May 26, 1988.*

Anthony F. Mannina, of Wheaton, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield,

and James E. Ryan, State's Attorney, of Wheaton (Kenneth R. Boyle, William L. Browers and Martin P. Moltz, of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Bonnie M. Wheaton, of Wheaton, for *amicus curiae* Du Page County Bar Association.

JUSTICE WARD delivered the opinion of the court:

Anthony F. Mannina, an attorney who is the appellant here, was appointed by the circuit court of Du Page County to represent James Devin on his second appeal following a murder conviction. Devin was originally sentenced to death. On his direct appeal to this court, the conviction was affirmed, but the death sentence was vacated and the cause remanded for resentencing. (*People v. Devin* (1982), 93 Ill. 2d 326.) After the new sentencing hearing, Mannina represented the defendant on his appeal of a sentence of natural life imprisonment. Two points were raised, both of which were rejected by the appellate court in a Rule 23 order (107 Ill. 2d R. 23). Thereafter, the appellant filed a petition in the appellate court for attorney fees and reimbursement of expenses incurred in the handling of Devin's appeal. The petition sought $28,724.75 on the basis of 322.75 hours billed at $89.17 per hour, which includes office overhead expenses. The appellate court awarded $1,500 in attorney fees for 30 hours of work at the rate of $50 per hour. We allowed Mannina's petition for leave to appeal (107 Ill. 2d R. 315). The Du Page County Bar Association filed a brief as an *amicus curiae* in support of Mannina's petition.

Mannina filed his petition for attorney fees pursuant to section 121—13(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 121—13(b)), which provides that a reviewing court may determine a

reasonable amount for an indigent defendant's appointed counsel as compensation and reimbursement of expenditures necessarily incurred in the prosecution of an appeal. The section also provides: "Such compensation shall not exceed $1500 in each case, except that, in extraordinary circumstances, payment in excess of the limits herein stated may be made if the reviewing court certifies that such payment is necessary to provide fair compensation for protracted representation." Ill. Rev. Stat. 1985, ch. 38, par. 121—13(b).

When he filed the petition for fees, the appellant included a time log detailing the hours expended and describing the work performed on Devin's appeal. The log shows that from November 1984 through December 1986, he devoted a total of 322.75 hours to the appeal. He spent the bulk of the time, 245.5 hours, in reviewing, abstracting and indexing the 3,600-page transcript and record. The log reflects that he spent 48 hours in researching and writing a 31-page appellate brief and 24 hours reviewing the State's brief, researching, and preparing a reply brief. Several other entries in the log, primarily the drafting of letters to the defendant and responding to correspondence, are listed with a "N/C" notation, presumably indicating "no charge" for the time.

The appellant states that his regular fee for criminal appeals is $125 per hour, plus $53.35 per hour for office overhead, or a total of $178.35 per hour. As this is a court-appointed appeal, he suggests that one-half of his regular charge would constitute fair compensation and satisfy the *pro bono* aspect of the appointment. One-half of his regular rate is $89.17 per hour and, multiplied by the 322.75 hours logged, has resulted in his petitioning for fees of $28,724.75. The appellant has practiced criminal law for more than 23 years in Du Page County and has handled more than 100 appeals.

The appellate court's order on Mannina's petition awarding him $1,500 also stated:

"In so doing, the Court finds that experienced counsel should not have expended more than thirty billable hours, at the court-established rate of $50.00 per hour, based on the complexity of the issues, time reasonably required for an appeal of this nature and the experience of counsel. The time expended reviewing the record was unreasonable."

The appellant argues that the appellate court failed to apply this court's guidelines for compensation of court-appointed attorneys who represent indigent defendants on appeal, as set out in *People v. Johnson* (1981), 87 Ill. 2d 98. He contends that the size of the record involved in Devin's appeal constituted extraordinary circumstances and protracted representation, which would warrant a larger fee than the maximum $1,500 provided for in section 121—13(b). The appellant notes that the court-appointed counsel in Devin's first appeal of his conviction and sentence was awarded $2,000 by the appellate court, the statutory maximum for an appeal of a death sentence. (Ill. Rev. Stat. 1985, ch. 38, par. 121—13(c).) On petition to this court, however, that attorney was awarded $8,334 in fees and expenses. (*People v. Devin* (1982), 93 Ill. 2d 326 (order of court, May 19, 1983).) Mannina also observes that the appellate court awarded only $1,500 to court-appointed counsel for Devin's codefendant, Robert Gangestad, for 265 hours he charged to that appeal. On appeal, this court ordered that Gangestad's attorney be awarded $8,762 in fees and expenses. (*People v. Gangestad* (1984), 104 Ill. 2d 190.) Devin's appeal here spanned 1½ years, during which time appellant says he also had to meet the usual demands of private practice. He also contends that only a small number of attorneys in Du Page County are able to accept appointments to represent indigent criminal defendants on

appeals. He states that, since the conclusion of Devin's appeal, he already has been appointed to represent another indigent defendant. Too, he submits that the appellate court's opinion that experienced counsel should not have expended more than 30 hours on Devin's appeal is unreasonable. He argues that an "appellate attorney does not read a transcript and record like a novel."

The State posits that the formula for determining compensation for appointed counsel to indigent defendants must take into account the *pro bono* aspect of the appointment, as stated in *Johnson*. While it acknowledges that Mannina expended a significant amount of time on Devin's appeal and "authored a high quality brief on behalf of his client," the State says that, nevertheless, this court should be sensitive to the fiscal resources of counties, which must pay the fees and expenses of counsel appointed for indigent defendants. Du Page County, the State says, is one of the most populous counties in our State with a sufficient number of criminal defense attorneys available to represent indigent defendants so that such an appointment has not become an onerous burden. While the record in Devin's case is lengthy, the State says the appeal involved was the defendant's second appeal and did not involve issues related to the conviction; it was confined to issues that arose at the second sentencing hearing. The State says the situation here differs considerably from that of the attorneys representing Devin and Gangestad on their original appeals, as both of those appeals involved issues greater in number and significance than those in the appeal handled by Mannina.

The Du Page County Bar Association, as *amicus curiae*, argues that the appellate court's award of "token fees" was an abuse of discretion and unjustly places the burden of representing an indigent defendant on an individual attorney. Without reasonable compensation, the

*amicus* contends that the appointed attorney must bear the financial burden of representation, which more properly should be borne by the taxpayers.

In *Johnson*, this court stated:

"The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial. Another consideration is local conditions, which refers to the number of attorneys, in a given location, who could be called upon to perform *pro bono* work. Where there are only a few criminal-trial lawyers in a particular locale, the court must necessarily appoint attorneys from the same select group to represent indigent defendants. This process imposes an unfair burden on that group of attorneys, a burden which is not being shared by all members of the bar. The trial court must also consider this inherent inequity in determining compensation." *Johnson*, 87 Ill. 2d at 105-06.

The State correctly observes that the original appeals for Devin and his codefendant, Gangestad, involved more complexities and difficulties than this appeal. The lawyer on Devin's first appeal raised nine issues concerning the conviction and four issues related to the imposition of the death sentence, which resulted in a reversal of the sentence and a remandment for a new sentencing hearing. (*People v. Devin* (1982), 93 Ill. 2d 326.) Gangestad's appeal presented 13 issues involving the same murder. *People v. Gangestad* (1982), 105 Ill. App. 3d 774.

The appeal here concerned only the new sentencing hearing and raised only two unexceptional issues, the disposition of which did not, the appellate court considered, require oral argument. (107 Ill. 2d R. 352(a).) The

issues were whether the trial court had abused its discretion in imposing a sentence of natural life imprisonment and whether the sentence was grossly disparate from the sentences of Devin's two codefendants. We consider, however, that an award of fees beyond the statutory limit of $1,500 provided in section 121—13(b) is necessary to provide reasonable compensation under the statute for the appellant's representation of the defendant. Though only two questions were raised on Devin's second appeal, the record was long and its review required considerable time. The State acknowledges that the brief Mannina filed for the defendant was of "high quality."

Considering the restricted scope of this appeal, however, the 322.75 hours billed is excessive, particularly in view of the appellant's long experience in criminal law and his handling of more than 100 appeals. (See *People v. Ashford* (1987), 162 Ill. App. 3d 212, 215 (allowing appointed counsel $60 per hour and noting that the attorney had "a great deal of expertise in criminal proceedings," making him "capable of handling a criminal case far more efficiently than an attorney with a general practice from the same community").) We are mindful of the appellant's and *amicus'* concerns that the burden of representing indigent defendants may fall upon a limited number of attorneys with required experience, and we also weigh the State's countervailing concern that the *pro bono* aspect of such appointments and the limitation of county fiscal resources must be taken into account. We have concluded and certify that a fee in the amount of $3,500 "is necessary to provide reasonable compensation" for the appellant's representation on the appeal involved. See *Gangestad*, 104 Ill. 2d at 193.

For the reasons stated, this cause is remanded to the appellate court with directions to vacate its prior order and to enter an order to the treasurer of Du Page

County to make payment to the appellant in the sum of $3,500.

*Order entered; cause
remanded, with directions.*