THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TROY FOWLER, Defendant (Law Offices of Ronald Tulin, Ltd., Intervenor-Appellant).

Fourth District   No. 4—97—1045

Opinion filed September 4, 1998.

Ronald F. Tulin and Douglas J. Quivey, both of Ronald Tulin, Ltd., of Charleston, for appellant.

Matthew L. Sullivan, State's Attorney, of Paris (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GARMAN delivered the opinion of the court:

In December 1996, defendant Troy Fowler was charged in the circuit court of Edgar County with murder and aggravated battery of a child. Initially, Fowler was represented by the public defender. In January 1997, attorney Ronald Tulin of Ronald Tulin, Ltd. (Tulin), entered his appearance on Fowler's behalf, having been retained by Fowler's parents. Later that month, Fowler was also charged with the offense of predatory criminal sexual assault of a child. In March 1997, the State announced its intention to seek the death penalty. A jury trial commenced in April 1997. Attorney Doug Quivey, an associate in Tulin's office, was cocounsel at this trial. After the jury deadlocked on a verdict, the trial court declared a mistrial.

In May 1997, Tulin filed a motion asking that the public defender be appointed to represent Fowler in the retrial and that Tulin be allowed to withdraw as counsel. In that motion, Tulin alleged that (1) Fowler's parents had paid him a retainer that would cover 200 hours of services in the first trial, (2) Tulin had rendered more than 400 hours of services, in addition to costs advanced of almost $2,400, (3) Fowler's parents were unable to pay for the retrial, nor were they able to pay the balance owed on the first trial, and (4) Fowler himself was indigent. The trial court denied the motion, appointed Tulin to represent Fowler and directed that Tulin's fees would be assessed pursuant to statute.

In May 1997, Tulin filed a motion asking for a finding of extraordinary circumstances under section 113—3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3(c) (West 1996)), so that payment of attorney fees could exceed the fee limits imposed by that section. In the motion, Tulin cited as extraordinary circumstances: (1) Fowler may face the death penalty if convicted; thus, the amount of time needed to prepare is "immense"; (2) based upon experience in the first trial, it is likely the retrial will last a long time; (3) the statutory maximum fee of $30 per hour for out-of-court time does not cover Tulin's secretarial expenses; and (4) as Tulin was not paid in full for the first trial, being appointed public defender for Fowler places a significant financial hardship on Tulin. In June 1997, Tulin filed a motion asking that he be allowed to withdraw and his cocounsel, Quivey, be appointed to represent Fowler. At a hearing on these motions, the trial court clarified its earlier denial of Tulin's motion to withdraw, by stating that both Tulin and Quivey had been appointed to represent Fowler and would continue to do so. The court also made a finding of extraordinary circumstances.

Thereafter, additional discovery was completed and motions were filed and heard. After an amended information was filed, Fowler stood charged with one count of first degree murder and two counts of predatory criminal sexual assault of a child. Four days prior to the second jury trial, the State advised the court that it would not seek the death penalty. The retrial, held in July 1997, resulted in convictions on all counts. The trial lasted eight days. The trial court sentenced Fowler to natural life imprisonment on the murder conviction and 30-year prison terms on the two counts of predatory criminal sexual assault, to run consecutively to the natural life sentence.

Tulin filed a request by letter for attorney fees and costs, asking for payment for 323 hours at an hourly rate of $120. He also asked for payment of certain costs advanced and payment of other costs directly to the providers of services. In reply to this letter, the trial court sent a letter to counsel, stating that it was prepared to enter an order requiring the county to pay an attorney fee of $9,535, representing an hourly rate of $25 for 177 out-of-court hours and $35 for 146 in-court hours. In response, Tulin filed a supplemental petition for fees and expenses, alleging expenditure of 177 out-of-court hours and 146 in-court hours. Tulin alleged that his normal rate is $120 per hour. He also alleged that his overhead costs totalled $68.97, consisting of $27 per hour for Quivey's salary and benefits and $41.97 per hour for secretarial and investigative salaries and benefits. Tulin alleged that he is an experienced criminal attorney whose criminal work constitutes 25% of his time in private practice. Tulin stated he had also been

an assistant State's Attorney and public defender in Coles County. Tulin's petition asked for an allowance of $80 per hour as a reasonable fee.

At a hearing on the petition, neither the State nor the trial court questioned the number of hours claimed by Tulin, the stated customary hourly rate of $120, the accuracy or reasonableness of Tulin's stated overhead expenses, or his claims concerning his level of experience in criminal matters. The State took no position on the petition and made no argument during the hearing. After hearing argument from Tulin, the trial court denied the request for allowance of $80 per hour and ordered fees paid in accordance with its prior letter. With some modification, costs were ordered paid. The court indicated that in setting Tulin's fee, it had taken into consideration the fact that there had been a previous trial which had acted as a "dress rehearsal" for the retrial. The court also reminded Tulin that it had informed him at the time of his appointment that he would be paid "at the rate of *** someone who was brought in as an independent public defender counsel." Tulin has appealed from the portion of this order awarding him $9,535 in fees.

■ Tulin argues on appeal that the trial court erred in awarding him only $25 per hour for out-of-court time and $35 per hour for in-court time. He argues that such low rates do not even cover reasonable overhead expenses and, therefore, do not constitute reasonable compensation as contemplated by section 113—3(c) of the Code. That section provides in relevant part as follows:

"Upon the filing with the court of a verified statement of services rendered the court shall order the county treasurer of the county of trial to pay counsel other than the Public Defender a reasonable fee. The court shall consider all relevant circumstances, including but not limited to the time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred by counsel. In counties with a population greater than 2,000,000, the court shall order the county treasurer of the county of trial to pay counsel other than the Public Defender a reasonable fee stated in the order and based upon a rate of compensation of not more than $40 for each hour spent while court is in session and not more than $30 for each hour otherwise spent representing a defendant, and such compensation shall not exceed $150 for each defendant represented in misdemeanor cases and $1[,]250 in felony cases, in addition to expenses reasonably incurred as hereinafter in this Section provided, except that, in extraordinary circumstances, payment in excess of the limits herein stated may be made if the trial court certifies that such payment is necessary to provide fair compensation for protracted representation." 725 ILCS 5/113—3(c) (West 1996).

A petition for fees is addressed to the trial court's sound discretion. *In re Petition for Fees*, 117 Ill. App. 3d 744, 749, 453 N.E.2d 949, 952 (1983) (*People v. Wilson*). We first note that Edgar County has less than 2 million inhabitants. Thus, the dollar figures set forth in section 113—3(c) of the Code do not apply here. Nor was it necessary for the trial court to find the existence of extraordinary circumstances; such a finding is necessary only in counties with populations exceeding 2 million to award fees greater than the statutory maximums. The only inquiry we must address is whether the compensation awarded Tulin in this case constitutes a "reasonable fee" within the meaning of the statute. We conclude that it does not.

■ In arriving at a reasonable fee for appointed counsel's services, the trial court should consider (1) time spent and services rendered, (2) the attorney's skill and experience, (3) the complexity of the case, (4) overhead costs, (5) expenses of trial, and (6) the number of attorneys in the local area who could be called upon to perform *pro bono* criminal trial work. *People v. Johnson*, 87 Ill. 2d 98, 106, 429 N.E.2d 497, 500 (1981). The above list is not exclusive. Other appropriate factors may be considered in a particular case. For example, the rate of compensation for counsel in the jurisdiction or comparable jurisdictions may be considered, as well as the availability of public funds. *Johnson*, 87 Ill. 2d at 105, 429 N.E.2d at 500. In addition, a trial court may consider the effects of inflation in setting a fee award. In *In re Petition for Fees*, 148 Ill. App. 3d 453, 499 N.E.2d 624 (1986) (*People v. Jones*), appointed counsel, Sharon Costa, received a fee award of $50 per hour. The State appealed, arguing the award was excessive. It argued that since the legislature had set limits of $40 per hour for in-court time and $30 per hour for out-of-court time for large counties, it must not have intended that fee awards be greater in small counties. The appellate court rejected this argument, stating that if the legislature had intended the maximum rates to apply in small counties, it would have so stated. However, the court did find that the hourly rates in the statute must be given some consideration as bearing on reasonableness. The court noted a prior case where the Supreme Court of Illinois had awarded $30 per hour for appellate work in a murder case. The work in that case was done in 1982, whereas the work performed by Costa was done in 1985. After considering that three-year time span and the *pro bono* factor, the appellate court determined that a reasonable fee was $35 for out-of-court time and $45 for in-court time. *Jones*, 148 Ill. App. 3d at 456, 499 N.E.2d at 626-27.

The supreme court in *Johnson* stated that reasonable compensation should reimburse the attorney for his or her overhead expenses

and yield something toward the attorney's support. The court held that a fee award that is insufficient to cover reasonable office overhead and expenses of trial is clearly unreasonable. Without stating a precise formula, the court indicated that trial courts should start with the hourly fee normally charged for comparable services and subtract an amount adequate to satisfy the attorney's *pro bono* duty to defend those who cannot afford to pay for private counsel. *Johnson*, 87 Ill. 2d at 105-06, 429 N.E.2d at 500.

■ Here, there was evidence on some of the factors identified in *Johnson*. Tulin submitted an affidavit of a local attorney with experience in murder cases, stating that $120 per hour is a reasonable rate of compensation in Edgar County for attorneys handling capital murder cases. Tulin stated to the trial court that his firm normally charges $120 per hour for such services.

The court had before it Tulin's detailed itemization of services rendered. However, the record does not show that the trial court considered this evidence in making its fee award. The court seemed to base the award primarily on the fact that the retrial was essentially a repeat of the first trial and on its statement that Tulin was to be paid as an "independent public defender counsel." The court did not elaborate on what it meant by this statement. Although the fact that this was a retrial is a proper consideration, the trial court gave this factor too much emphasis to the exclusion of other factors. We note that Tulin stated he spent in excess of 400 hours in trying the case the first time. After the retrial was concluded, he had spent 323 hours, a reduction of 77 hours. The trial court failed to determine the reason for this reduction; it may be that the difference is attributable to preparation done during the first trial when Tulin was acting as private counsel. If so, the trial court's fee award may have had the effect of doubly emphasizing the fact that this was a retrial.

The trial court failed to consider the complexity of the case. This was a capital murder case until four days prior to commencement of the trial, thus requiring Tulin to prepare the case as if the State would be seeking the death penalty. Numerous motions were filed prior to the retrial, experts were hired, and an additional charge of predatory criminal sexual assault of a child was filed against Fowler. The trial lasted eight days. The fact that this was a retrial does not necessarily mean it was not complex and did not require a great deal of attorney time.

The trial court's average hourly award to Tulin is $29.50. Although we have stated that the trial court need not have found the existence of extraordinary circumstances under section 113—3(c) of the Code, we note the inconsistency in the court's making this finding and

then awarding Tulin less than the maximum hourly rates authorized for larger counties.

We recognize the financial burden placed on small counties in providing legal representation for indigent defendants. However, section 113—3(c) of the Code does not allow trial courts to shift the greater share of this burden to appointed counsel.

The hearing on Tulin's fee petition was clearly inadequate. Therefore, this cause must be remanded for a new hearing to afford the trial court an opportunity to reconsider Tulin's fee petition in light of the views expressed herein. The court may, in its discretion, allow introduction of additional evidence needed to make an informed decision.

Accordingly, that portion of the trial court's order awarding Tulin attorney fees of $9,535 is vacated and the cause remanded. The portion of the order awarding costs is affirmed.

Affirmed in part and vacated in part; cause remanded with directions.

COOK and McCULLOUGH, JJ., concur.