THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARNOLD SLEDGE, Defendant.—(LOUIS A. BIANCHI, Appellant.)

Second District   No. 77-56

Opinion filed May 3, 1978.

Louis A. Bianchi, of Boback & Bianchi, of Crystal Lake, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Attorney Louis A. Bianchi was appointed by the court to represent Arnold Sledge on an arson charge, after the public defender withdrew from the case. After a jury trial, Sledge was found not guilty. Bianchi then filed a petition for attorney fees, supported by an affidavit, requesting fees in excess of the usual statutory limit of $1,000 for a felony case. (Ill. Rev. Stat. 1975, ch. 38, par. 113—3(c).) The trial court entered an order fixing Bianchi's fee at $1,000, and Bianchi appeals.

The statute provides that upon the filing of a verified statement of services the court shall order the county treasurer to pay appointed counsel, other than the public defender, a "reasonable fee" based upon a rate of not more than $30 per hour for time spent in court, and $20 per hour for out-of-court time, and "such compensation shall not exceed * * * $1000 in felony cases, in addition to expenses reasonably incurred * * *, except that, in extraordinary circumstances, payment in excess of the limits herein stated may be made if the trial court certifies that such payment is necessary to provide fair compensation for protracted representation * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 113—3(c).) The issue in this case is whether the record demonstrates such "extraordinary circumstances" as to mandate an award of attorney fees in excess of $1,000.

No transcript of the trial, or hearings conducted on the numerous pretrial motions filed by the defense, has been included in the record on appeal. The affidavit attached to the petition for fees itemized the tasks performed by Bianchi, although it failed to specify how much time was spent on each item. The affidavit stated that Bianchi had spent a total of 197¾ hours in office time, and 62¼ "court hours" on the case. When the petition was presented to the trial court, the court noted that it "did not regard this as an extraordinary case" although "counsel took it upon himself to give almost full time to it." The court stated that approximately 6 days had been spent on defense motions which were without merit, and that the "extraordinary circumstances were made by the attitude of defense counsel as to what was necessary for the purpose of presenting

this case to the jury." The court stated that the litigation had only been "protracted" because counsel "made it so," and refused to award a fee in excess of $1,000.

Bianchi did not request an evidentiary hearing on his petition.

■■ We agree with the trial court's view that a criminal proceeding that is prolonged solely because of frivolous defense motions, or other dilatory tactics, would not constitute "protracted litigation" within the meaning of the statute. We note that the great majority of the defense motions in this case (14 out of a total of 17) were filed by the public defender, prior to Bianchi's appointment. Further, regardless of the merits of these motions, it would be difficult to fault Bianchi's overall handling of the case, since it resulted in Sledge's acquittal. However, with no record of the hearing on the defense motions or the trial itself, we do not see how we can review the trial court's holding that the case was not "protracted" within the meaning of the statute. See, *e.g.*, 2 Ill. L. & Prac. *Appeal and Error* §511 (1953).

■■ Similarly, we cannot conclude on the basis of the record before us that the trial court erred in failing to find "extraordinary circumstances." While counsel unquestionably spent a very large amount of time on this case, this fact, standing alone, does not suffice; in *People v. Sanders* (1974), 58 Ill. 2d 196, "extraordinary circumstances" were found to be lacking even though the two appointed defense attorneys spent 463 hours on the case. Although the instant case involved a black defendant in a county which was overwhelmingly Caucasian, and although there was some pretrial publicity, neither of these factors is so unusual as to mandate a finding of extraordinary circumstances. We are, of course, unable to evaluate the complexity of the issues in the case, or any special problems or difficulties encountered by counsel, because of the absence of transcripts from the record.

■■ A petition for fees under section 113—3(c) is addressed to the sound discretion of the trial court (*People v. Atkinson* (1977), 50 Ill. App. 3d 860), and "[o]rdinarily, the trial judge is in the better position to determine whether extraordinary circumstances and protracted litigation are present in the matters before him * * *." (*People v. Sanders* (1974), 58 Ill. 2d 196, 201.) Under the circumstances in this case, we cannot hold that the trial court's order setting attorney Bianchi's fees at $1,000 constituted an abuse of discretion.

For the foregoing reasons, the order of the circuit court of McHenry County setting attorney Bianchi's fees at $1,000 is affirmed.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.