117 Ill. App.3d 744 (1983)
453 N.E.2d 949
In re PETITION FOR FEES  (The People of the State of Illinois, Plaintiff and Petitioner-Appellant,
v.
Clarence Eugene Wilson, Defendant  (Michael C. Goode et al., Respondents-Appellees)).
Nos. 4-82-0706, 4-82-0758, 4-82-0815 cons.
Illinois Appellate Court  Fourth District.
Opinion filed August 30, 1983.
*745 *746 Neil Hartigan, Attorney General, of Springfield (Jon Anderson, State's Attorney, and Neal B. Goodfriend and Michael V. Accettura, Assistant Attorneys General, of counsel), for the People.
Arnold Bernstein, of Highland Park, and Michael C. Goode, of Chicago, pro se, for appellee Michael C. Goode.
Gillespie, Cadigan & Gillespie, of Springfield, for appellees D. Bradley Blodgett and Charles Neuf.
Orders affirmed as modified.
JUSTICE MILLS delivered the opinion of the court:
A question of fees.
For a court-appointed attorney, a lawyer who argued a motion, and an investigator.
We affirm  but modify slightly.
In 1970, the police chief of Oblong, Illinois, was shot and mortally wounded while investigating a burglary in process. Clarence Eugene Wilson and two other men were indicted for the offenses of burglary, intentional murder, and felony murder. Wilson was brought to trial five separate times on one or more of the above charges with the fifth trial resulting in an acquittal. The present appeals relate to fees which were awarded by the trial court to those who participated in Wilson's defense during his fifth trial.
Prior to the trial, attorney Michael Goode, who was representing Wilson in a civil rights action in Federal court, requested to be appointed as defense counsel for Wilson. The trial court denied the request but granted Goode permission to argue a motion to dismiss on behalf of Wilson and to submit a petition for fees. Goode sought $2,352.47 in fees based on 45 hours of work at $50 per hour and expenses of $102.47. The trial court granted attorney fees to Goode in *747 the amount of $1,012.47.
D. Bradley Blodgett was appointed to represent Wilson on May 7, 1982. On July 8, 1982, four weeks prior to the trial, the trial court granted Wilson's request to proceed pro se and, from that time forward, Blodgett served as Wilson's legal advisor. Blodgett's petition for fees sought $11,368.15 based on 277.8 hours of work at $35 per hour and expenses of $1,645.15. The trial court awarded Blodgett $9,761.40.
Charles Neuf, a private investigator hired by Blodgett, petitioned for fees in the amount of $6,858.84. The trial court awarded Neuf $5,089.90.
The State appeals from the orders awarding fees to Goode, Blodgett and Neuf. Blodgett has cross-appealed from the order insofar as it denied the entire amount sought in his petition.

CAUSE No. 82-0706
The State argues that Goode is entitled to no compensation whatsoever because he was not appointed by the trial court to represent Wilson.
 1 Section 113-3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113-3(c)) provides for the payment of a "reasonable fee" to the court-appointed counsel of an indigent defendant. No provision is made for the payment of fees to those other than court-appointed counsel. However, our supreme court has recognized that appointed counsel may be compensated for time spent and services rendered by his associates, law clerks or paralegals. (See People v. Johnson (1981), 87 Ill.2d 98, 106, 429 N.E.2d 497, 500.) It has been held that court-appointed counsel may be compensated for work performed by associates or law clerks when the work performed is necessary for the preparation of the defendant's case and consistent with the appointed counsel's primary obligation to defend. People v. Atkinson (1977), 50 Ill. App.3d 860, 366 N.E.2d 94.
 2 The State does not contend that the work performed by Goode was either unnecessary or inconsistent with defense counsel's obligation to defend. Consequently, if Goode had performed his work as an associate of Blodgett, there is little question that Blodgett would have been entitled to a reasonable fee based on Goode's work. Still, it is not the nature of the work alone that determines whether an attorney is entitled to a reasonable fee. Court-appointed counsel is entitled to compensation not merely because he provided services to an indigent defendant but also because he was, in fact, appointed by the trial court. In the present case, while Goode was not appointed by *748 the trial court to represent defendant, he was granted leave by the court to appear on defendant's behalf and argue a motion to dismiss. For his services, which were authorized by the trial court and were both necessary for the preparation of defendant's case and consistent with appointed counsel's duty to defend, Goode was entitled to a reasonable fee.
The trial court's award of attorney fees to Goode is affirmed.

CAUSE No. 82-0758
 3 D. Bradley Blodgett, the court-appointed counsel, was compensated at the rate of $35 per hour. The State contends that this rate is unreasonably high and should be reduced to $30 per hour.
The reasonable fee provision of section 113-3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113-3(c)) was interpreted by the supreme court in People v. Johnson (1981), 87 Ill.2d 98, 105-06, 429 N.E.2d 497, 500. The court stated:
"The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the pro bono factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial. Another consideration is local conditions, which refers to the number of attorneys, in a given location, who could be called upon to perform pro bono work."
Blodgett testified at the hearing on the petition for fees that his office normally charged $60 per hour to its best clients who provided a large volume of business, and $75 per hour to other clients. He also testified that his accountants advised him that on a $60 per hour basis his overhead was at least $30 per hour and probably more. Blodgett's petition for fees shows that he billed for 277.8 hours. Blodgett acted as Wilson's attorney for about two months and then was directed to act as his legal advisor after the trial court granted Wilson's request to proceed pro se. Nevertheless, Blodgett was active in the presentation of defendant's case, questioned several witnesses at trial, and made part of the closing argument.
Blodgett was 45 years of age and had practiced law in Illinois for 20 years. From 1962 through 1965 he was in the United States Naval Reserve on active duty as a Judge Advocate General and his duties included the defense of accused persons at courts-martial. He continued in the United States Naval Reserve as a commander and lectured *749 at reserve centers in Illinois and Iowa on criminal law. After Blodgett concluded his active duty with the Navy in 1965, he was employed in the State's Attorney's Office in Sangamon County from 1965 to 1972. During that period he prosecuted many felony cases, including murder cases, and was the first Assistant State's Attorney for several years. From 1972 to 1977 Blodgett was corporation counsel for the city of Springfield. In 1977 Blodgett went into private practice and has engaged in trial work since that time.
Blodgett was required to represent and advise Wilson on a charge based on a 12-year-old indictment alleging the murder of a police officer. Aside from the difficulty of obtaining witnesses and evidence, the case was further complicated by issues of double jeopardy as Wilson was being brought to trial for the fifth time.
A petition for fees is addressed to the sound discretion of the trial court. (People v. Sledge (1978), 59 Ill. App.3d 777, 376 N.E.2d 60.) Upon consideration of the foregoing factors, we find the trial court did not abuse its discretion in awarding Blodgett compensation at the rate of $35 per hour. In 1979, the Illinois legislature removed the $30 per hour limit for the rate of compensation to be awarded to appointed counsel under section 113-3(c) in counties with populations of less than two million. We are not inclined to reinstate this limit, despite the State's continued efforts to have us do so. See In re Petition for Fees (1981), 93 Ill. App.3d 848, 417 N.E.2d 1062.
The State next contends that the trial court abused its discretion in compensating Blodgett for the following items: (a) time spent communicating with the news media; (b) expert witness fees; (c) time and expenses involved in filing writs of prohibition in the Illinois Supreme Court and the Federal Court of Appeals; and (d) undocumented photocopying expenses.

COMMUNICATIONS WITH THE NEWS MEDIA
 4 The trial court allowed Blodgett to be compensated for 1.2 hours spent in speaking with and writing letters to news reporters. The court reasoned that these activities were part of Blodgett's obligation to further the best interests of his client.
Section 113-3(c) of the Code of Criminal Procedure of 1963 directs the trial court, in determining a reasonable fee, to "consider all relevant circumstances, including but not limited to the time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred by counsel." (Ill. Rev. Stat. 1981, ch. 38, par. 113-3(c).) We find that the scope of compensable work under section 113-3 is limited to that which is reasonably related *750 to the legal representation of the defendant on the offenses for which he is charged. While the trial court may have correctly surmised that Blodgett's communications with the news media were in Wilson's best interests, such activity was not sufficiently related to the defense of the charges against Wilson to justify compensation. Since Blodgett was compensated at the rate of $35 per hour, his award is to be reduced by $42.

EXPERT WITNESS FEES
 5 Among Blodgett's expenses was a charge of $400 for Dr. Horatio Rivero, an expert witness for the defendant. The State argues that Dr. Rivero's fees should be limited to $250 in accordance with section 113-3(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113-3(d)), which provides:
"In capital cases, in addition to counsel, if the court determines that the defendant is indigent the court may, upon the filing with the court of a verified statement of services rendered, order the county treasurer of the county of trial to pay necessary expert witnesses for defendant reasonable compensation stated in the order not to exceed $250 for each defendant."
Notwithstanding the express limitation in section 113-3(d) to capital cases, the supreme court has held that the trial court has inherent power to award expert witness fees in noncapital cases where necessary to protect the constitutional rights of indigent defendants to compel the attendance of witnesses. (People v. Watson (1966), 36 Ill.2d 228, 221 N.E.2d 645; see People v. Vines (1976), 43 Ill. App.3d 986, 358 N.E.2d 72.) We noted in Vines that Watson left uncertain whether the $250 limit stated in section 113-3(d) would be the limit of reasonable expert witness fees granted pursuant to the trial court's inherent power. We indicated in Vines that a trial court may exceed the $250 limit where there is a showing that the expert testimony is necessary to prove a crucial issue or that the defendant would be prejudiced if the testimony were not obtained.
 6 In the present case, the trial court presumably found that the expert witness fee of $400 was necessary for the protection of defendant's constitutional rights. The State does not argue that Dr. Rivero's testimony was either unnecessary to prove a crucial issue or that defendant would not have been prejudiced without it. Consequently, we find that the trial court did not err in exceeding the $250 limit of section 113-3(d) in awarding expert witness fees.

*751 FILING WRITS OF PROHIBITION
 7 With the permission of the trial court, Blodgett filed a writ of prohibition in the Illinois Supreme Court seeking dismissal of the charges against Wilson on double jeopardy grounds. The writ was subsequently dismissed at Wilson's request. Blodgett then filed a similar writ in the Federal Court of Appeals for the Seventh Circuit without the permission of the trial court. Blodgett's petition for fees sought compensation for time spent in preparing both writs. The trial court allowed Blodgett compensation for one-half of the time spent working on the writ filed in the supreme court but denied compensation for time spent on the writ filed with the Federal court. The State objects to the award of compensation on the grounds that Blodgett was not authorized to represent Wilson in a court of review. Blodgett cross-appealed, arguing that he is entitled to compensation for all time spent on the writs filed in both the supreme court and the Federal court.
We find that the trial court did not abuse its discretion in calculating the amount of compensation for Blodgett's work on the writs of prohibition. The filing of the writ of prohibition in the supreme court was within the scope of Blodgett's representation of defendant and the amount awarded was reasonable under the circumstances. Furthermore, the trial court was not required to compensate Blodgett for his efforts to obtain relief in the Federal courts after Wilson had abandoned similar efforts in the State courts.

PHOTOCOPYING EXPENSES
 8 Blodgett's petition for fees included $338.20 for photocopying expenses. Blodgett testified that his secretary provided him with the figures for photocopying expenses and he did not know how she derived them. The trial court allowed the expenses. On appeal, the State argues that the lack of documentation for photocopying expenses requires that the award be reversed.
At a cost of 10 cents a page, the amount awarded would pay for 3,382 copied pages. Considering the complex nature of the case and the fact that defendant proceeded pro se and would have been in need of various items of what was presumably a lengthy record, we find that the trial court did not abuse its discretion in awarding photocopying expenses to Blodgett.

CAUSE No. 82-0815
 9 Prior to Wilson's trial, the trial court granted Blodgett's motion to appoint a private investigator. Blodgett subsequently hired *752 Charles Neuf to work on Wilson's case. Neuf's petition for fees was included with Blodgett's petition and sought $6,858.84. The trial court awarded Neuf $5,089.90.
There is no statutory provision for the allowance of investigator fees. However, in People v. Veal (1982), 110 Ill. App.3d 919, 443 N.E.2d 605, the court found that a defendant may have a constitutional right to investigatory services when the services are, (1) necessary to prove a crucial issue, and (2) the lack of funds necessary to provide investigatory services would substantially prejudice the defendant.
In the present case, the State does not question the necessity of Neuf's services and only questions certain items included in the fees awarded to Neuf. The State first argues that Neuf should not have been compensated on a "per diem" basis for his expenses while he was "on the road." Neuf testified that the per diem charges represented such expenses as meals, lodging and parking for himself and an assistant while they were traveling. The State's only objection to the charges is that Neuf presented no receipts for his actual expenses. The total per diem charges were $190 and consisted of two days at $50 a day which included a day's traveling and overnight expenses, three days at $25 per day which included only the day's traveling, and one day at $15 per day which was for Neuf's assistant. We find these charges to be reasonable and hold that the trial court did not abuse its discretion in awarding them.
The State next contends that the allowance of $190.90 as "costs" should not be allowed because Neuf provided no documentation as evidence of the costs. The record indicates that Neuf submitted a phone bill to the court for $169 as well as a receipt for photocopying expenses of $9.90. This would leave $12 of undocumented costs. Although Neuf did not have receipts for the expenses he incurred, he did record them in his business records which were submitted to the court with Blodgett's petition for fees. We find that the trial court did not abuse its discretion in awarding these expenses.
 10 The State also objects to an award of $321.25 for 19 hours of work performed by Neuf's assistant. The State maintains that the assistant was used to serve subpoenas on two prison inmates and this work could have been done by either Neuf or the sheriff's office. The State provides no explanation as to how the cost of serving subpoenas could have been reduced by requiring Neuf or the sheriff's office to perform the service. Furthermore, the State's contention that only services rendered by Neuf himself were compensable is without merit. Just as appointed counsel may bill for services rendered by his associates, *753 law clerks or paralegals, an appointed investigator may bill for services rendered by his assistants. The portion of the award representing services rendered by Neuf's assistant is affirmed.
 11 Finally, the State contests fees awarded to Neuf based on time spent eating meals. The trial court noted that Neuf ate several meals in the courthouse while Wilson's trial was in progress and had met with Wilson and Blodgett during these times. The State does not object to the allowance of fees for these "courthouse" meals but rather objects to 27 hours charged by Neuf for meals other than those at the courthouse. We agree that the county of trial should not be required to pay an appointed investigator to eat. Since Neuf was compensated at a rate of $20 per hour, his award is to be reduced by $540.
The orders of the trial court are affirmed as modified.
The award of fees in cause No. 4-82-0706 is affirmed in toto.
The award of fees in cause No. 4-82-0758 is affirmed, but reduced by $42.
The award of fees in cause No. 4-82-0815 is affirmed, but reduced by $540.
Affirmed as modified.
TRAPP and GREEN, JJ., concur.