THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JULIA
CAMDEN, Defendant (Law Offices of Robert L. Douglas, Ltd., Appellant).

Fifth District   No. 5—89—0298

Opinion filed November 21, 1990.

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellant.

Jon C. Anderson, State's Attorney, of Robinson (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

On July 22, 1983, the defendant, Julia Camden, was charged by information with two counts of aggravated battery (Ill. Rev. Stat. 1981, ch. 38, pars. 12—4(a), 12—4(b)(1)), armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2) and attempted murder (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(a), 9—1(a)(1)) as a result of an incident that occurred in a tavern in Crawford County. Defendant was acquitted of the attempted murder charge, and a verdict of guilty but mentally ill was returned on the remaining charges. Defendant's attorney, Robert Douglas, raises the issue of whether his law firm, which was privately retained to represent the defendant, is entitled to compensation where defendant was declared indigent and the law firm continued to

represent defendant beyond the terms of the private representation agreement.

The law firm of Robert L. Douglas, Ltd. (Law Firm), was retained to represent defendant in defense of the charges filed against her. An initial retainer of $10,000 was paid to the firm. Subsequently the Law Firm received an additional $9,000 from bond money held in deposit.

The case proceeded to trial on June 25, 1984, and a mistrial was declared. Defense counsel thereafter filed a motion to bar further prosecution and enter a judgment of acquittal on the ground of double jeopardy. The trial court found that defendant had consented to the mistrial and denied the motion. Defendant appealed to this court (*People v. Camden* (1986), 140 Ill. App. 3d 480, 488 N.E.2d 1082), and we reversed and remanded with directions that defendant be discharged. The Illinois Supreme Court granted the People's petition for leave to appeal and reversed and remanded the decision of this court. *People v. Camden* (1987), 115 Ill. 2d 369, 504 N.E.2d 96.

The Law Firm petitioned for *certiorari* to the United States Supreme Court. The petition was denied, and the cause was remanded to the circuit court for retrial. (*Camden v. Illinois* (1987), 481 U.S. 1070, 95 L. Ed. 2d 873, 107 S. Ct. 2464.) While State court proceedings were pending, the Law Firm filed a petition for writ of *habeas corpus* with the Federal district court. Defendant's petition was denied, and the Law Firm appealed to the United States Court of Appeals on September 20, 1989. The court of appeals affirmed the district court's denial of defendant's petition for writ of *habeas corpus*, finding that defendant impliedly consented to the trial court's mistrial declaration by failing to object. *Camden v. Circuit Court of Second Judicial Circuit* (7th Cir. 1989), 892 F.2d 610.

On July 2, 1987, defense counsel filed a motion to withdraw from the case, alleging that the defendant was indigent and was no longer able to pay attorney fees. This motion was not heard.

On February 22, 1988, defense counsel filed a motion to withdraw, and a motion for payment of expert witness fees. At a hearing on the motions held March 31, 1988, Fred Johnson, an attorney with the Law Firm arguing on behalf of the defendant, advised the court:

> "We're agreeable to continue this matter at our own expense in terms of attorneys' fees, but we're not going to run into the hole on this matter paying our experts to come in and testify.
> * * *
> We're willing to try this free of charge other than having our expenses covered.
> * * *

\*\*\* [A]ll that I'm asking \*\*\* is that I be permitted to either withdraw or continue on with an order that the county pay the reasonable \*\*\* expenses of our experts and trial expenses."

The court granted counsel's motion for payment of expert witness fees and denied the motion to withdraw.

On January 23, 1989, attorney Fred Johnson filed a third motion to withdraw, noting that Crawford County had recently created the office of public defender, and requesting that the public defender be appointed to represent the defendant. At a hearing held on this motion on January 25, 1989, Judge McLaughlin denied the motion to withdraw because (1) the public defender would be exposed to a conflict of interest because he had previously represented the defendant's husband in a domestic matter, and (2) the public defender's contract limited his appointment to cases commencing after the date on which he took office. At the hearing Judge McLaughlin stated on the record that "it should not be intended [sic] that I am expressing any opinion \*\*\* to whether you have a right to be compensated at anytime in the future. [I]f that needs to be raised in the future it should be disposed of by the particular judge handling the matter at that ·particular time." Shortly after this hearing the case was assigned to Judge Bruce Irish.

On February 14, 1989, Fred Johnson filed a motion requesting the appointment of his Law Firm as public defender to represent the defendant as an indigent. This motion was heard by Judge Bruce Irish, who deferred ruling on the motion until after defendant's trial. At the sentencing hearing before Judge Irish, defense counsel renewed his motion to have his Law Firm retroactively appointed as public defender. Attorney Johnson calculated that from the date of May 8, 1988, his attorney fees and expenses totaled $9,106.95. The amount of attorney fees was based on an hourly rate of $75. The trial judge denied defense counsel's motion in its order of April 10, 1989.

On April 17, 1989, defense counsel filed a motion for reconsideration, asserting that defense counsel never agreed to waive attorney fees. At the hearing on this motion, the court inquired of defense counsel why he should not be held in contempt for requesting attorney fees which defense counsel had agreed to waive. After hearing attorney Johnson's argument on the matter, Judge Irish found "that the omission of the material fact of prior waiver was willful and calculated to mislead the court." Judge Irish cited Fred Johnson and the Law Firm with direct criminal contempt, and fined both Johnson and the firm $500 each. Defense counsel appeals from the order entered April 10, 1989.

The State does not contend that defense counsel's representation was either unnecessary or inconsistent with defense counsel's obligation to defend. (*In re Petition for Fees* (1983), 117 Ill. App. 3d 744, 747, 453 N.E.2d 949, 951 (*Wilson*).) The State contends, however, that when defense counsel undertakes representation pursuant to the payment of a retainer, counsel is not entitled to remuneration by the county after the retainer is exhausted. Although the attorney-representation agreement between Julia Camden and the Law Firm is not a part of the record, defense counsel maintains that it was contractually obligated to represent the defendant through trial and through one appeal. Defense counsel argues that its contractual obligation was fulfilled and that it was not required to represent defendant in a second trial or in the extensive appeals which it has taken in this case. The State in its brief appears to acquiesce in the representations made by the Law Firm as to the terms of the attorney-client contract. We will presume the veracity of the same.

Section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 113—3(c)) provides for the payment of a reasonable fee to the court-appointed counsel of an indigent defendant. No statutory provision is made for the payment of attorney fees to those other than court-appointed counsel. Nonetheless, in *Wilson* the court determined that although defense counsel was not appointed by the court, his representation of the defendant was court-authorized and was necessary and consistent with appointed counsel's duty to defend. The *Wilson* court thereupon sanctioned the trial court's award of attorney fees to defense counsel. (*Wilson*, 117 Ill. App. 3d at 748, 453 N.E.2d at 952.) Defense counsel in the case at bar also represented defendant with the court's approval. In fact, counsel at bar petitioned three times to withdraw from representing the defendant after defendant became indigent, but the court, even with knowledge of defendant's indigency, either did not rule on defendant's motion or denied counsel's requests to withdraw. While an actual finding of defendant's indigency does not per se appear of record, there is sufficient evidence in the record to infer the existence of defendant's unfortunate economic situation.

At the hearing on March 31, 1988, an affidavit of defendant's assets and liabilities was filed with the court. Defendant declared in this sworn affidavit that she is divorced with five children; is unemployed; has a monthly income of $350 from social security which ceases October 1988; and has assets totaling $100 and liabilities of $1,200. The report of proceedings evidences the court's acknowledgment of defendant's indigency where the court granted defendant's motion for

payment of witness fees after considering the affidavit of defendant and the representations of defense counsel that defendant had no resources with which to pay them.

■ We are aware that at the hearing on January 25, 1989, the court stated that no declaration of indigency had been made. We are also mindful of the fact that the trial judge at that hearing declined to rule whether defendant was indigent or not. An affidavit of assets and liabilities filed February 14, 1989, shows that defendant's economic situation had not significantly changed from the date the first affidavit was filed. We find it significant that although the court made no specific finding as to indigency at the January 25, 1989, hearing, the court's ruling on defendant's motion to withdraw supports the conclusion that defendant is indigent since it implies that were it not for the public defender's conflict of interest and contractual limitations, the motion would have been granted. In light of the affidavits of assets and liabilities filed by the defendant, and the court's rulings of February 22, 1988, and January 25, 1989, we find the record sufficiently demonstrates that defendant was indigent as of at least March 31, 1988.

With the question of defendant's indigency resolved, we are left to decide the questions of whether defense counsel is entitled to remuneration as a public defender, and if so, from what date the remuneration should be calculated. The parties on appeal, in support of their respective positions, cite cases involving the award of attorney fees to court-appointed counsel. (*People v. Kinion* (1983), 97 Ill. 2d 322, 454 N.E.2d 625; *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497; *People ex rel. Conn v. Randolph* (1966), 35 Ill. 2d 24, 219 N.E.2d 337; *In re Petition for Fees* (1983), 117 Ill. App. 3d 744, 453 N.E.2d 949.) Our research has failed to reveal any cases directly on point with the factual scenario in this case, but we find the case of *People v. Kinion* (1983), 97 Ill. 2d 322, 454 N.E.2d 625, insightful in resolving the issue at bar.

In *Kinion*, privately retained counsel was subsequently appointed to represent the defendant in the same case after the defendant was declared indigent. Following trial, defense counsel filed a motion for attorney fees which was granted in part. The appellate court affirmed the award, but the supreme court reversed. In holding that counsel was estopped from requesting payment, the supreme court found it significant that counsel, in requesting that the court appoint him instead of the public defender, represented that he would not seek payment of attorney fees from the county. (*Kinion*, 97 Ill. 2d at 333, 454 N.E.2d at 629.) The supreme court also found that under the private

representation agreement between counsel and the defendant, counsel agreed to accept the equity in defendant's home as payment in full for his services. The supreme court reasoned that under such circumstances counsel should not be permitted to burden the county with his demand for fees.

■ Unlike *Kinion*, the private representation contract in the instant case did not require counsel to defend beyond a trial and one appeal. It is obvious that counsel here represented defendant in proceedings well beyond the contemplation of the attorney-client contract. The State makes much of the fact that defense counsel received $19,000 to represent the defendant, while counsel in *Kinion* received no compensation from the defendant. While a retainer was paid in this case, the amount received was in consideration of defense counsel's representation at one trial and on one appeal. We do not believe counsel is trying to burden the county with something he would not otherwise have been entitled to. Under the circumstances related thus far, it seems that once the terms of the attorney-client contract were satisfied, counsel was entitled to remuneration as a public defender. In this case, however, other factors persuade us to find that counsel is only entitled to reimbursement from the county from the date Crawford County acquired a public defender.

■ We find it significant that defense counsel did not seek payment of attorney fees from the county until February 14, 1989. In fact, counsel waived any right it may otherwise have had to payment at the March 31, 1988, hearing. At the hearing on defendant's second motion to withdraw, defense counsel's statements to the court that his Law Firm would not seek attorney fees estopped counsel from seeking fees at that point in time. (See *Kinion*, 97 Ill. 2d at 331, 454 N.E.2d at 629.) It was not until January 23, 1989, when counsel sought to have the newly acquired public defender appointed, that counsel was released from his prior agreement to waive fees. The change in circumstances—the acquisition of a county public defender—warranted a release of defense counsel's prior waiver of fees which was made at a time when the parties did not contemplate the availability of a public defender.

■ At the January 25, 1989, hearing, Judge McLaughlin stated on the record that notwithstanding the court's decision not to appoint the public defender, the court was not precluding compensation for defense counsel should that matter be brought before the court in the future. We see no reason to preclude remuneration to counsel from the date Crawford County acquired a public defender. Based on the foregoing, we find that the trial court's denial of defense counsel's re-

quest to be appointed public defender was an abuse of discretion. We reverse the trial court's decision and remand this cause so that defense counsel may be retroactively appointed as public defender for this case, and a determination may be made as to the proper fee to which defense counsel is entitled for services from the date Crawford County acquired a public defender.

Defense counsel also requests that we enter an order remanding this cause to a judge other than Judge Irish. As counsel has not cited any authority for such request, we decline to enter such an order.

Reversed and remanded with directions.

WELCH and RARICK, JJ., concur.