THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. THOMAS O. RHODE, Defendant-Appellee (The County of Stephenson, Petitioner-Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. CORNELIUS TOWNSEN, Defendant-Appellee (The County of Stephenson, Petitioner-Appellant).

Second District Nos. 2—90—0982, 2—90—0983 cons.

Opinion filed October 10, 1991.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellees.

JUSTICE McLAREN delivered the opinion of the court:

The County of Stephenson (County) appeals from two orders of the circuit court in separate causes which granted the motions of defendants, Thomas O. Rhode and Cornelius Townsen, to appoint a private investigator to interview witnesses for their respective defenses. The County raises two issues on appeal: whether the trial court erred in appointing an investigator for two indigent defendants when their need for an investigator was speculative; and whether the investigator's fees did not conform to the reasons for his appointment. On the County's motion, the appeals were consolidated.

In appeal No. 2—90—0982, defendant Rhode was charged with theft over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)) on January 12, 1990. In appeal No. 2—90—0983, defendant Townsen was charged with seven counts of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(a), (b)(1), (b)(8)) and one count of criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)) arising from an incident on December 16, 1989. While four people were playing football in Krape Park, another group of men came up and played football with them. Witnesses identified Townsen, Phillip Shipp and Quitman White as among the men who joined the game. Following the game there was a disagreement which turned into a fight. Quitman White went to a vehicle and returned with a car jack and some other equipment. Norman Metz, who was not involved in the game, saw the fight and indicated that the men should stop fighting. Metz was then struck on the head from behind with the car jack. Several of the football players were also struck with the car jack. According to the witnesses, Townsen was the person who used the car jack to hit the victims. Although Phillip Shipp participated in the fight, he was instrumental in breaking it up. In a related indictment, Townsen was charged with aggravated battery and mob action (Ill. Rev. Stat. 1989, ch. 38, par. 25—1(a)(1)) in that defendant, Quitman White and Phillip Shipp struck Metz with a car jack. Those causes were consolidated in the trial court.

The court appointed Howard Prestwich, an assistant public defender, to represent both Townsen and Rhode. Prestwich filed identical motions in each cause requesting the appointment of an investigator. According to each motion, an investigator was necessary to interview and obtain statements from some witnesses the State intended to call at trial. In addition, Prestwich filed a memorandum in each cause in support of the motions.

At the hearing on the motion in Townsen's case, Prestwich informed the court:

> "[An] altercation occurred at Krape Park in which there were at least two people present who have not yet been identified *** and we need an investigator to try and locate *** at least those two persons who have not yet been identified.
>
> In addition, there were other people who were present that have given statements but they haven't given signed statements. In some cases their statements are somewhat *** confusing. We would like an investigator to interview the occurrence witnesses and particularly to help find the two people who have not yet been identified."

Prestwich further indicated that the two witnesses who had given inconsistent statements were the accomplices, Shipp and White. The State objected to the appointment of an investigator because all the witnesses were listed in the State's discovery materials and there were interviews of some of the victims. The court stated that the decision whether to appoint an investigator was a matter of its discretion, and it granted the motion, but limited the amount to be expended to $300.

At the hearing in Rhode's case, Prestwich explained that Rhode was charged with exerting unauthorized control over property that was stolen in Portage, Wisconsin. Rhode's defense was that he purchased the items from Dennis Stark in Montello, Wisconsin. Rhode needed an investigator to help determine Rhode's whereabouts on the date of the theft and to locate Stark. The State objected to the appointment of an investigator on the ground that it had not charged Rhode with taking the property and, therefore, Rhode's whereabouts on the date the property was stolen were irrelevant. The court decided to appoint an investigator to ascertain the location of Stark. The court appointed the same investigator for both causes.

Rhode pleaded guilty prior to the combined hearing on the fee petitions, and Townsen pleaded guilty one month after the court granted the petitions. Townsen pleaded guilty to three counts of aggravated battery and one count of mob action. Rhode was allowed to withdraw his guilty plea, and the State subsequently dismissed the case against him.

In each case, the County filed a motion in this court to file a late notice of appeal, which was allowed. Neither defendant has filed an appellee's brief, so we will review the issues presented pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The County first contends that the trial court erred in appointing an investigator for these indigent defendants. The County relies on *People v. Veal* (1982), 110 Ill. App. 3d 919. In *Veal,* the defendant contended that the trial court's refusal to appoint an investigator denied his constitutional rights. Without relying on any authority, the court found that the right to free expert assistance does not implicate a right for free investigative services. (*Veal,* 110 Ill. App. 3d at 925.) The appellate court further held that the defendant was not entitled to the services of an investigator because the defendant wanted the investigator to locate and identify other possible occurrence witnesses and, according to the court, it was mere speculation whether any such witness existed or would have been helpful to the defense. (*Veal,* 110 Ill. App. 3d at 926.) The court stated that even if the need for an investigator was not speculative, "it would seem reasonable to assume that an effort could have been made by the [defendants'] friends or relatives to locate additional witnesses." (*Veal,* 110 Ill. App. 3d at 927.) The County argues that because any person should be able to attempt to locate a potential witness, defendants in this cause failed to show why defense counsel could not have performed this service.

■ *Veal* articulated a standard for determining whether an investigator should be appointed for an indigent defendant. According to *Veal,* where the investigator is necessary to prove a crucial issue and where the lack of funds necessary to provide investigative services will substantially prejudice the defendant, there is a constitutional right to such services. 110 Ill. App. 3d at 926.

■ *Veal* is distinguishable from the present causes because here the County is appealing the appointment of an investigator, whereas in *Veal* the defendant was appealing the trial court's refusal to appoint an investigator. In the only case cited by the County in which a governmental entity appealed the award of fees, *In re Petition for Fees* (1983), 117 Ill. App. 3d 744, the court discussed the standard of review for the appointment of an investigator to aid an indigent's defense. The court recognized that although there is no statutory provision for the allowance of such fees, if the *Veal* factors are satisfied, then the defendant has a constitutional right to such fees. (*Petition for Fees,* 117 Ill. App. 3d at 752.) The court determined that the award of such fees is a matter of the trial court's discretion and refused to disturb an award which was reasonable. 117 Ill. App. 3d at 752.

Thus, based on *In re Petition for Fees,* we conclude that the trial court has the inherent authority to appoint an investigator and award fees to ensure that a defendant is not denied the effective assistance

of counsel and that on review such an award should not be disturbed absent an abuse of that discretion.

The court heard the reasons proffered by defendants for their need for an investigator. There is no evidence in the record that anyone other than an investigator could have performed the services. We reject the County's assertion that defense counsel could have located and interviewed the witnesses. In Townsen's cause, the record indicated that there were at least five assailants, but only three had been identified, and defense counsel sought an investigator to locate the other two men. In addition, the two accomplices had given inconsistent statements, so defense counsel wanted an investigator to interview them privately. Townsen's defense was to be that he was not one of the men involved in the football game and subsequent fight in the park. In Rhode's cause, the necessary witnesses were in Wisconsin. Rhode's defense was that he bought the property in Wisconsin without knowing that it was stolen.

The trial court, which was familiar with the assistant public defender and his duties, was in the best position to determine whether he had the time to undertake such investigations in light of his commitments in representing other indigent defendants in Stephenson County. In addition, there is nothing in the record to indicate that defendant Rhode was ever released on bond so that he could go to Wisconsin to attempt to locate Dennis Stark. We cannot say that the appointment of an investigator here was an abuse of discretion.

The County next contends that the trial court erred in ordering payment of the investigator's fees. The gist of the County's argument is that the investigator did not do what he had been appointed to do and that he did not perform his work in the most efficient manner.

At the combined hearing on the fee petitions, the investigator testified that in Rhode's cause he went to Portage, Wisconsin, and interviewed two law enforcement officers and a bartender and bar owner at a tavern there. The investigator also contacted the witness whose name was given him by Rhode. The investigator talked with the witness by telephone, and they met later. The investigator indicated that he generally interviews the witnesses in person because that type of interview is more fruitful than an over-the-telephone interview.

Following the testimony and the arguments of counsel, the court explained that it did not think that the investigator's services in Rhode's cause were duplicative because the investigator interviewed people who had not been interviewed by the police. The court also found it reasonable that the investigator conducted personal inter-

views instead of telephoning the witnesses. The court did not elaborate on its decision to award the fees in Townsen's case.

 After considering the County's arguments, we conclude they are without merit. The investigator needed to interview each defendant to determine whom he should find and what he should ask the witnesses. In Townsen's case, although the investigator was appointed to find the unknown accomplices, under the facts of this cause, the best place to start would be with known accomplices. Thus, it is reasonable that the investigator interviewed Shipp and tried to interview White. Furthermore, despite the County's assertion that the investigator should have telephoned White prior to visiting his house, there is nothing in the record to indicate that White had a telephone. Similarly, in Rhode's case, Stark allegedly lived in Wisconsin, and it is therefore reasonable that the investigator would interview people in Wisconsin to ascertain his whereabouts. The court found that the amount of fees was reasonable and within the limitations it imposed. Therefore, the award of fees was not an abuse of discretion.

The judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

INGLIS and WOODWARD, JJ., concur.